[Civil No. 2143. Filed May 24, 1924.]

[226 Pac. 202.]

## C. D. DILLINGHAM, Appellant, v. J. E. ANDERSON, Appellee.

EXCHANGE OF PROPERTY—"RECAPTURE" OF TRUCK FOR REFUSAL OF PARTY TO CONTRACT TO PERFORM HELD NOT TO VEST TITLE IN ORIGINAL OWNER.—Though a party contracting to exchange lands for property including a truck, after receiving possession of the truck, refused to perform, title thereto remained vested in him, and the other party could not "recapture" the truck by peacefully but surreptitiously getting possession, and his subsequent payment of the balance of the conditional sale price of the truck could not perfect title in him.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. W. T. Sprowls, for Appellant.

Messrs. Hayes, Stanford, Laney & Allee, for Appellee.

ROSS, J.—This is an action for replevin wherein plaintiff Anderson, as owner, seeks to recover from defendant Dillingham a Ford truck or its value. The defense interposed its ownership and right of possession. The case was tried to the court without a jury and resulted in a judgment in favor of plaintiff

See 24 R. C. L. 15.
See 23 C. J. 54 (1925 Anno.).

for the value of the truck. The defendant appeals, asserting the evidence does not sustain the judgment, and that is the only question to be decided.

The essential facts are about as follows: On May 1, 1919, defendant and plaintiff entered into a written agreement whereby the former agreed to trade to the latter the West End Store and stock of merchandise, near Phoenix, and 160 acres of land in Rodger Mills county, Oklahoma, for 160 acres of land in Beckham county, Oklahoma, and $1,250. According to the terms of the agreement, deeds for the realty were to be exchanged at a later date and after titles were found to be all right, while the possession of the stock of merchandise and Ford truck was immediately given over to Anderson, who thereafter carried on the store business, selling and replenishing the stock, until on May 23d the store and merchandise were destroyed by fire.

Out of the receipts of the store plaintiff paid defendant, or his account, some $600 or $700, before the fire occurred.

The fire loss was total, as plaintiff had no insurance, and that taken out by defendant before he sold and delivered to plaintiff was, in *Arizona Fire Ins. Co.* v. *Dillingham,* 23 Ariz. 508, 205 Pac. 589, held to be unenforceable by reason of the insured's failure to get the consent of the insurer to the change of possession, interest or title.

The evidence is undisputed that defendant was ready, willing and able to carry out his part of the agreement and offered to do so after the fire had destroyed the merchandise, and it is as equally certain that plaintiff was not ready or willing to perform his part of the agreement and that he refused to convey land as agreed and to pay the balance of the $1,250 except defendant pay him $1,000 cash additional. This being the condition, defendant Dil-

lingham claiming to be the owner of the truck on or about June 5, 1919, peaceably but surreptitiously got possession of it; hence this lawsuit.

When the dispute over the ownership of the truck arose, the contract of May 1st had been partly performed. Defendant, in pursuance to the terms of the 'contract, had delivered to plaintiff the stock of merchandise and the truck, and although plaintiff gave him no consideration at the time other than his promise to convey land and pay $1,250, at the time of the fire and at the time the contract was repudiated by him he had paid some $600 or $700 for account of defendant.

We think under the evidence the title to the truck was passed to plaintiff when it was given over to him with the stock of merchandise. When possession of the truck was changed from Dillingham to Anderson, the legal title thereto vested in the latter, upon a sufficient consideration, and if the same had been stolen or burned the loss would have been Anderson's. The decision in *Arizona Fire Ins. Co.* v. *Dillingham, supra,* has the practical effect of so holding, since the truck was delivered to plaintiff upon the same terms and conditions as the stock of goods.

Defendant may have equities growing out of the transaction, but he cannot settle them in his way. He was not the owner of the truck when he took possession of it, and his claim of ownership as a defense was not established. If plaintiff's refusal to go ahead and complete the contract injured him, he has a remedy in an action for damages, or he might have compelled specific performance; but he cannot forcibly or surreptitiously take into his hands property, the legal title and possession to which he has transferred to another, because the latter fails or refuses to carry out the contract under which such change of title and possession was effected, because to allow him to do so would be to make him the sole arbiter of his rights.

Nor do we think the situation was changed by the defendant's paying to the dealer, who sold him the Ford truck on a conditional contract of sale, the small balance due thereon after he "recaptured" it. That debt had been assumed by the plaintiff, with the consent of both the defendant and the dealer. Whatever may be said about the defendant's right to this sum, the fact that he paid it did not vest him with the title to the truck.

The facts in this case were passed upon by the lower court and resolved in favor of the plaintiff.

Under the law we are satisfied that the judgment should be affirmed, and it is so ordered.

McALISTER, C. J., and LYMAN, J., concur.